IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:22-mc-644-BHH |
| | ) | |
| vs. | ) | |
| | ) | |
| **In Re: DAVID AYLOR and DAVID AYLOR LAW OFFICES** | ) ) | |

### REPLY TO RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE

Comes now the United States of America, by and through its undersigned attorney, in reply to the Defendant's Response to the Government's Rule to Show Cause. On November 14, 2022, respondent David Aylor replied to the Government's Motion for a Rule to Show Cause essentially arguing that he performed the actions requested by the Government, making the motion moot. The Government would respectfully disagree. Upon Mr. Aylor's claim that he disgorged his fee, the Government offered to file a stipulation publicly dismissing its motion. The proposed stipulation included language suggested by Mr. Aylor explaining his violation. Mr. Aylor rejected the Government's offer to file a public dismissal, insisting that the proposed stipulations, dismissal, and related documents be filed under seal. His demands are contrary to the law; therefore, the government cannot agree and continues to seek a public order.

Mr. Aylor argues that the Court should dismiss the Government's motion because the relief sought has already occurred. In essence, he argues that the matter is moot. His analysis ignores the the Government's request for a public sanction, and thus, it is not moot. Article III limits the Court's jurisdiction to cases and controversies. U.S. Const. art. III, § 2, cl. 1; *see also Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). The mootness doctrine is an important part

of that limitation, preventing the court from advising on legal questions "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fleet Feet*, 986 F.3d at 463 (internal quotation marks omitted). As the issue of public reprimand is "live" and both parties clearly have a legally cognizable interest in the outcome. Mr. Aylor seems to argue that publicity of the motion is a substitute for a public sanction but offers no legal support for that proposition. Because the issue of a public reprimanded is still "live," the Government's motion is not moot.

The remaining disagreement between Mr. Aylor and the Government is whether a stipulation or an order resolving the motion and related documents should be sealed or should be available to the public. "The right of public access derives from two independent sources: the First Amendment and the common law." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Where the First Amendment applies, a document can only be sealed where there is a "compelling government interest" for sealing the document and sealing is "narrowly tailored to serve that interest." *United States v. Do*e, 962 F.3d 139, 145 (4th Cir. 2020). Where only the common law's right of access applies, a document can only be sealed where "a 'significant countervailing interest' in support of sealing . . . outweighs the public's interest in openness.' *Id*. (quoting *In re Application of the U.S. for an Order*, 707 F.3d 283, 293 (4th Cir. 2013).

In determining whether to seal a document, the Court "must (1) give public notice of the request to seal and allow interest parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents and (3) provide specific reasons and factual findings supporting its decision to seal the documents and rejecting the alternatives." *Ashcroft v. Conoco I*,

218 F.3d 288, 302 (4th Cir. 2000)(*citing Stone v. University of Maryland Med. Sys. Corp*, 855 F.2d 178, 181 (4th Cir. 1988); and *In re Knight Pub. Co*., 743 F.2d 231, 235-36 (4th Cir. 1984)).

Here, the Court need not decide whether the right to public access derives from the First Amendment or common law. Neither standard is met. Mr. Aylor has not identified any "compelling government interest" or any "significant countervailing interest" to justify sealing these documents. His response notes that, "[t]he Government filed a public document containing quotations from a sealed hearing." Def. Resp. Br. at 1. The Government requested sealing the initial hearing to protect the identities of cooperating witnesses, a compelling government interest. The Government's motion contains no reference to the identities of cooperating witnesses. Likewise, the limited and narrow quotations of Aylor's admissions on the record contain no reference to the identities of the cooperating witnesses. There is no reason, much less a compelling one, to seal the underlying motion, its limited quotations, or its resolution. Aylor's insistence on hiding this motion and its resolution from public view is contrary to 4th Circuit law and contrary to the relief sought by the United States.

While the Government persists in its request for sanction, the offer to stipulate to dismissal under certain terms is outstanding. However, Mr. Aylor's demand that any proposed stipulation and related documents be filed under seal is contrary to law, and, thus, the Government cannot agree.

While the underlying facts appear to not be in dispute, there is a live controversy over whether Court should order sanctions, including a public reprimand, against Mr. Aylor, and as to whether the resolution of this motion should be public. The United States respectfully requests that

the Court enter a public order granting sanctions against Mr. Aylor in the form a public reprimand and disgorgement of his fee in the underlying matter.

                                            Respectfully submitted,

                                            ADAIR F. BOROUGHS.
                                            UNITED STATES ATTORNEY

                                            BY: s/T. DeWayne Pearson
                                            T. DeWayne Pearson (Fed. ID # 10859)
                                            Assistant U.S. Attorney
                                            1441 Main Street, Suite 500
                                            Columbia, South Carolina 29201
                                            (803) 929-3000 (office)
                                            (803) 256-0233 (facsimile)
                                            DeWayne.Pearson@usdoj.gov

November 21, 2022