IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:22-mc-00644-BHH |
| ) | |
| In Re: David Aylor ) | |

**DAVID AYLOR AND DAVID AYLOR LAW OFFICES'
MOTION TO STRIKE THE GOVERNMENT'S REPLY
TO RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE**

NOW COMES David Aylor and David Aylor Law Offices, by and through their attorney Beattie B. Ashmore, and hereby moves to strike the government's Reply to Response to Motion for Order to Show Cause ("the government's reply"). Once again, the government reveals confidential communications in a public filing. The government's reply gives a one-sided account of the parties' settlement discussions. Such disclosures are inconsistent with Rules 408 and 410, FRE, and general principles that settlement negotiations are confidential and may not be disclosed. *See, e.g., Gard v. United States Dep't of Educ.*, 2007 WL 9759999, at *2 (D.D.C. Nov. 9, 2007) ("[P]laintiff's Status Report revealed specific elements of the parties' settlement discussions, including dollar figures of competing settlement offers. Defendant is correct to argue that such disclosures are inconsistent with the general principle recognized in this Court that settlement negotiations are confidential and may not be disclosed. The Court therefore concludes that the Status Report and all related documents should be stricken, and admonishes plaintiff's counsel to comply with the spirit and letter of this Court's confidentiality rules in the future") (internal quotations and citation omitted).

The District of South Carolina has adopted confidentiality provisions in addition to Rule 408. Pursuant to Local Civil Rule 16.08(C), "[c]ommunications during the mediation conferences

1

shall be confidential. The parties, their attorneys, and other persons present shall maintain the confidentiality of the mediation and shall not rely on, introduce, or attempt to introduce as evidence in any arbitral, judicial, or other proceeding, any event, document, or communication relating in anyway to the mediation." Similarly, in nonjury cases, "counsel should not disclose settlement negotiations" in pretrial briefs. Local Civil Rule 26.05(F). While the parties have not engaged in a formal mediation, the principles remain the same and this is a nonjury case. This Court's Standard Order to Conduct Mediation provides that "Communications made in connection with or during the mediation are confidential and protected by Federal Rules of Evidence 408, Local Rule 16.08(C) DSC, and Federal Rule of Civil Procedure 68. **If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge**, see Local Rules 16.08(C) and 16.10(H) DSC, except as allowed by Local Rule 26.05(F) DSC." (bold added).[1]

Nevertheless, here the government disclosed its account of settlement negotiations to support its motion for rule to show cause. The government's reply should therefore be stricken. *See* HQM*, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 510, fn. 21 (D. Md. 1999) ("Federal Rule of Evidence 408 generally bars the Court from considering settlement discussions between attorneys once a lawsuit has commenced, even if they are relevant") (citing *Sanger v. Reno,* 966 F.Supp. 151 (S.D.N.Y. 1997) (striking exhibits in plaintiff's opposition to motion to dismiss because they were evidence of offers to compromise); *Fiberglass Insulators v. Dupuy,* 856 F.2d 652 (4th Cir. 1988) ("The public policy of favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussion")); *see also Anderson*

---

[1] Judge Hendricks' Order to Conduct Mediation is available at http://www.scd.uscourts.gov/Forms/Mediation_Alternative_Dispute_Resolution/Hendricks_Order_Conduct_Mediation.pdf.

*v. United States*, 2009 WL 890094, at *1, fn. 1 (D. Md. Mar. 26, 2009) ("[P]ending before the court is the defendant's … motion to strike plaintiff's references to the parties' settlement discussions, which was attached to another of defendant's motions to lift the stay. In accordance with Federal Rule of Evidence 408, which makes inadmissible certain evidence pertaining to settlement negotiations, the court will grant the motion to strike … as to the referenced exhibits"); *Cooper Agency v. McLeod*, 247 F. Supp. 57, 60 (E.D.S.C. 1965) (plaintiff cannot utilize in its pleading, statements extracted from preliminary settlement negotiations which never led to a settlement, to form a basis for its claim now being asserted).

The government asserts that Mr. Aylor wants to "… hid[e] this motion and its resolution from public view." That ship has sailed. The government filed excerpts from a sealed hearing that were published in South Carolina newspapers. It makes no claim that the quotations and disclosures of information from a sealed hearing was inadvertent or a regrettable clerical error. The government seems to take the position that while the hearing was sealed at its request, it has the power and ability to freely quote from the hearing and speak openly in the public record as it so chooses. It is black letter law that no one can reference a sealed hearing, much less quote from the same, without permission of the Court.

For these reasons, and for those that will be stated in any hearing on this matter, the Court should strike the government's reply.

Dated this 28th day of November, 2022      Respectfully submitted,

/s/ Beattie B. Ashmore
Beattie B. Ashmore Fed. Bar No. 5215
650 E. Washington Street
Greenville, SC 29601
P: (864) 467-1001 F: (864) 672-1406
beattie@beattieashmore.com

3